## R. PALMER *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 6—370, 510.]

**Officer's Right to Arrest Without Warrant.**

A peace officer may make an arrest without a warrant only when a public offense is committed in his presence or where he has reasonable grounds for believing that the person he seeks to arrest has committed a felony.

APPEAL FROM NELSON CIRCUIT COURT.

January 13, 1885.

OPINION BY JUDGE HOLT:

The appellant, Robert Palmer, seeks by this appeal to reverse a conviction for the malicious shooting and wounding of Ben L. McAtee, the Deputy Marshal of Bardstown.

It appears that several weeks prior to the shooting Palmer had

been arrested by McAtee for a misdemeanor without the latter having a warrant, and while under arrest made his escape and fled to another county. After he did so a warrant was taken out against him for another misdemeanor, but at the time of the shooting it was in the possession of the Marshal who was not present, but had directed his deputy to arrest Palmer whenever he could and had informed him of the existence of the warrant.

Upon the day of the shooting Palmer returned to Bardstown and went to a livery stable to hire a horse, which was refused him as he was then somewhat intoxicated. Whereupon he became boisterous and said he "would have one anyhow." The party in charge thereupon left the stable and finding McAtee informed him that Palmer was at the stable acting boisterously and requested the officer to come and take him away. McAtee at once went to the stable and as he entered the door of the office with his pistol in his hand the firing at once began. The testimony is conflicting as to who fired first, but in the conflict the officer was wounded, and for this the appellant has been sentenced to five years' confinement in the penitentiary.

A peace officer may make an arrest in obedience to a warrant of arrest delivered to him, or without a warrant when a public offense is committed in his presence or when he has reasonable grounds for believing that the person arrested has committed a felony. Criminal Code, section 36.

While the officer represents the majesty of the law and is properly surrounded therefore with it as a protecting shield when engaged in the proper discharge of his duties and when acting in good faith, yet he is not absolved from acting in accordance with it.

In this instance the appellant was charged with no offense greater than a misdemeanor; the Deputy Marshal had no warrant for his arrest and he had not committed any offense in the presence of the officer.

The instructions which were given and which attempted to define the duties and powers of the Deputy Marshal were therefore open to criticism and we would be compelled to reverse the judgment below were it not that in our opinion the error in view of all the instructions that were given was not prejudicial to the appellant upon the whole case and did not lead to an unfair trial.

Instruction "A" reads thus: "If the jury believe from the evi-

dence that at the time that McAtee attempted to arrest the defend-
ant he had no warrant for the arrest of the defendant and that the
offense for which he was being arresed was not committed in Mc-
Atee's presence and that Palmer had reasonable grounds to believe
and did believe that he was in imminent danger of losing his life
or suffering great bodily harm at the hands of McAtee then Palmer
had the right to use such means as were necessary or apparently
necessary to defend himself even to the shooting of McAtee with
intent to kill and the jury should acquit him."

This instruction embraced in substance all that the one asked
by the appellant did, so far as the latter correctly stated the law
applicable to the case, and by the one so given the appellant was
afforded the full benefit of the law of self defense whether the
arrest was properly or improperly attempted, and the judgment is
*affirmed.*

*Ben Johnson, for appellant.*
*P. W. Hardin, for appellee.*